## 12225

### BAKER *ET AL.* v. De WITT

#### (138 S. E., 626)

1. HOMESTEAD—HOMESTEAD EXEMPTIONS, THOUGH REQUIRING LIBERAL INTERPRETATION, SHOULD NOT BE CONSTRUED SO AS TO MAKE THEM INSTRUMENTS OF FRAUD AND OPPRESSION.—Constitutional and statutory provisions for homestead exemptions, while requiring a liberal interpretation and construction in order that ends sought to be accomplished should not be defeated, should not receive such broad and liberal interpretation and construction as will make of them instruments of fraud and oppression.

2. HOMESTEAD—JOINT EXECUTION BY HUSBAND AND WIFE HELD UNNECESSARY TO WAIVE HOMESTEAD, WHERE BANKRUPT FAILED TO RECORD PROCEEDINGS IN BANKRUPTCY SETTING ASIDE HOMESTEAD (BANKRUPTCY ACT, § 70a [U. S. COMP. ST., § 9654]; CONST., ART. 3, § 28; CIV. CODE 1922, § 5494).—Where bankrupt, after setting aside of homestead as exempt pursuant to Bankruptcy Act, § 70a (U. S. Comp. St., § 9654), failed to record proceedings in reference

thereto in Clerk's office for county pursuant to Const., Art. 3, § 28, and Civ. Code 1922, § 5494, it was not necessary in order to waive homestead right that there be joint execution by bankrupt and wife.

3. BANKRUPTCY—PROCEEDINGS IN BANKRUPTCY COURT ESTABLISHING VALUE OF EXEMPT PROPERTY HELD ONLY JUDICIAL ESTABLISHMENT OF VALUE AND LOCATION.—Proceedings in Bankruptcy Court establishing value of exempt property, though constituting an adjudication not subject to collateral attack, *held* not to be any more than judicial establishment of value and location.

Before DENNIS, J., Florence, May, 1925.   Affirmed.

Action by B. W. Baker against Elizabeth C. De Witt, wherein Edith Baker and others were substituted as plaintiffs after plaintiff's death.   Decree for plaintiffs, and defendant appeals.   Affirmed.

The decree of Judge Dennis, affirmed on appeal, was as follows:

This was an action commenced by B. W. Baker against Elizabeth C. De Witt by the service of summons and complaint, on the 23d day of September, 1924.   The defendant answered, and the cause stood at issue when the plaintiff B. W. Baker died, intestate, leaving surviving him as his only heirs at law and distributees his widow and infant children. Upon proper notice a guardian *ad litem* was appointed for the infant plaintiffs, and, upon petition, the widow and children were substituted in the place of their deceased husband and father, B. W. Baker.

The case came on for trial before me, presiding in the May term, 1925, of the Court of Common Pleas for Florence County, and upon the testimony taken before me in open Court I find the facts to be as follows:

Prior to the year 1917, G. L. De Witt, the husband of the defendant Elizabeth C. De Witt, was a borrowing customer from the First National Bank of Florence, S. C., and was indebted to this bank for a secured claim, when, during that year, he was adjudged a bankrupt.   At that time he was the

owner in fee of the 60-acre tract of land involved in this proceeding.

Following the adjudication in bankruptcy, whether voluntary or involuntary the record does not show, the reference was made to R. J. Kirk, referee in bankruptcy, and in the proceedings before him a trustee was appointed, and this trustee, whether assisted by the appraisers in bankruptcy or special appraisers appointed for that purpose the record does not show, established the value of the 60-acre premises described and involved in this case at $1,000 as exempt real estate of the bankrupt. It appears that creditors objected to this valuation, and upon subsequent proceedings had in the bankruptcy cause it appears that the bankrupt, G. L. De Witt, paid into the bankruptcy Court $250 in settlement of the controversy as to valuation, whereupon the referee made an order confirming the exemption.

The bankrupt then applied to the First National Bank for additional advances, and the bank agreed to make the additional advances provided that the unpaid balance of the secured account should be included in the new security, which consisted of a mortgage over and covering this 60 acres. The mortgage was executed by G. L. De Witt, and his wife, the defendant Elizabeth C. De Witt, duly renounced dower thereon. As a part of the description of premises the mortgage contains the following recital: "This property having been set off to me as a homestead exemption by order of R. J. Kirk, referee in bankruptcy."

The mortgage not being paid at maturity, the same was foreclosed by the bank and sold by the Judge of Probate, acting master for Florence County, at which time it was bid in by the plaintiffs' intestate, B. W. Baker, and it seems that in order to comply with his bid he executed a mortgage for the purchase money to the bank, paying the costs and expenses with cash. This master's deed is dated the 16th day of December, 1918.

It seems that even before the master's deed had been executed, the bankrupt and his wife had moved away from the premises in question. Baker went into possession, where he remained until his death, and his widow and children have succeeded him thereon. In the fall of 1924, Baker, desiring to borrow money from some lending company, caused his title to be investigated, and it was reported to him that there was a cloud thereon by reason of the recital in the mortgage quoted above and the failure of the defendant to join with her husband in the execution thereof. Efforts were then made to obtain from Mrs. De Witt, the defendant herein, an acknowledgment that she claimed no interest in the property. When she made this refusal this suit was commenced.

Finally, it is conceded by counsel that when the estate in bankruptcy was closed all of the papers were forwarded to and are now on file in the District Court of the United States for the Eastern District of South Carolina in the clerk's office at Charleston. No record has ever been made in the office of register of mesne conveyances for Florence County.

Upon these facts it is contended by the plaintiffs that the failure to adopt and carry through the procedure prescribed by the Constitution and Statutes has not established such a completed homestead as require the joint execution of husband and wife to waive the same, and that the claim of the defendant therefore constitutes a cloud upon the title of plaintiffs to the property which should be removed in this proceeding.

On the other hand, the defendant contends that the Court of bankruptcy had jurisdiction to establish the homestead, which it did, and that such establishment is an adjudication which cannot be collaterally attacked.

I have given the case a great deal of thought and study, and have been assisted by counsel for the respective parties in my effort to reach a just and legal conclusion.

It is freely conceded that the constitutional and statutory provisions for homestead exemptions are such wise and beneficent measures as to require at the hands of the Court a liberal interpretation and construction in order that the ends sought to be accomplished may not be defeated. At the same time, it is recognized that they must not receive such broad and liberal interpretation and construction as will make of them instruments of fraud and oppression.

Bearing these fundamental doctrines in mind, let us turn for a moment to the constitutional and statutory provisions that the Court is called upon to construe.

By Section 28, Article 3, Constitution of 1895, it is provided: "That after a homestead in lands has been set off and recorded the same shall not be waived by deed of conveyance, mortgage or otherwise, unless the same be executed by both husband and wife, if both be living."

Exactly the same words are found in Section 5494, Civil Code 1922. The preceding provision of the Constitution and of the statutory enactments, to give effect thereto, make it plain that the place of record contemplated is the office of the register of mesne conveyances or the clerk of Court in the county where the land is situate. It is admitted that no record was recorded in such office in this case. There seems to be no ambiguity in the statutory and constitutional provisions, but the law is very plainly written that recording is a prerequisite to the final establishment of the homestead so as to require joint execution of husband and wife to waive it. The point is strongly urged before me that the exemption is not the result of procedure, but is an inchoate right to which the head of every family in the state is entitled by virtue of the Constitution and Statutes, which continuously exempts and protects the property from levy and sale by mesne or final process, and that to accomplish this result no machinery or procedure is necessary or required, but that before such a homestead is established as will re-

quire joint execution by husband.and wife, if both be living, to waive the same, that the statutory method of appraising, assigning, and recording must be.followed.  I think the point is well taken and expressive of my views thereon.

By Section 70a of the Bankruptcy Act (U. S. Comp. St. § 9654), it is provided:  That the trustee of a bankrupt estate shall be vested by operation of law with the title of the bankrupt to all of his property as of the date he was adjudged bankrupt, "except in so far as it is to property which is exempt."  It would therefore seem that it would be only necessary for the bankruptcy Court to determine the quantity and value of the exemption of the bankrupt which the trustee thereupon refuses to administer, which apparently was done in this case, and that property, the value of which was so established, was thereby protected from any mesne or final process in that cause.  Had the bankrupt then desired to perfect his homestead so as to require the joint execution of his wife to waive it, he had the right to have the proceedings in reference thereto recorded in the clerk's office for Florence County, and failing to do so, it is my conclusion that joint execution is not required.

In so far as the proceedings in the bankruptcy Court establish the value of the exempt property, I concur with defendant's counsel that it was an adjudication, which is not the subject of collateral attack, but I cannot conclude that it was any more than a judicial establishment of value and location.

The case of *Culler v. Crim,* 52 S. C., 574; 30 S. E., 635, has been cited by the defendant's counsel as authority for the position that recording is only for notice and that the recital in the mortgage dispensed with the necessity for recording and afforded notice.

It may be observed in this connection that that case arose upon a note dated February 9, 1878.  Judgment was obtained thereon, execution issued, under which appraisers were

appointed, who made their return to the Court of Common Pleas, to which exceptions were filed, which exceptions were heard by the Court and the return of appraisers was confirmed.

Culler's claim to homestead was based upon the fact that he had two dependent sisters. After his death, one sister died, while the other refused to claim homestead against Culler's creditors. A proceeding was brought in the Probate Court to sell the land in aid of personal assets and no question of a homestead was made until after the sale to Crim when Culler's collateral heirs sought to recover the land upon the ground that it was exempt property and not the subject of sale, but the conclusion of the Court was that, being parties to the record in the Probate Court, they were bound thereby. In the course of the opinion, obviously as *obiter dicta,* the writer remarks: "The provision as to record was simply intended to give notice." It is not thought that under the present constitutional and statutory provisions that the cited case is controlling of the case at bar. Illustrative of this conclusion will be found the case of *Ryan v. Pettigrew,* 7 S. C., 146, where under the Act of 1868, the necessity that the assignment be returned for record in Court is stressed. Again in the same volume, at page 172, the case of *Choice v. Charles,* another case under the Act of 1868, stresses the necessity of the process being returned for record in Court. Both of these cases are cited with approval in *Nixon Grocery Co. v. Spann,* 108 S. C., 336; 94 S. E., 531, at the conclusion of this pertinent statement: "Otherwise the grossest frauds might be perpetrated upon creditors who have no notice of the proceeding to set off homestead." In *Youngblood v. Lathen,* 20 S. C., 374, we find this statement of principle: "The general right to homestead under the Constitution and law, and the having it actually laid off and assigned by the machinery for that purpose, are very different things. In a general sense, every insolvent debtor, who is the head of a family, may be said,

in a proper case, to be entitled to homestead; but the law of the State has directed certain things to be done in order to locate the right and give it practical vitality; and we suppose that the shield which the homestead affords can be secured only by a compliance with these requirements. It has been held that even the assignment does not protect the property; but in order to have that effect it must be made a record of Court as prescribed."

While these cases were under homestead enactments, prior to those in existence at the time that the facts involved in this case arose, the general principle of all the provisions and enactments have been the same, and these declarations of our Court of last resort are at least indicative of what the Court, as constituted at present, dealing with the same subject, will do.

Any attorney being familiar with the constitutional and statutory enactments, and reading the cases construing the same, would be justified, under the facts in this case, in concluding that joint execution to waive the exemption was not necessary, and to say now, at the instance of the defendant, that such joint execution was a prerequisite, would enable the defendant to practice upon the widow and children of the deceased purchaser such an unconscionable punishment as cannot meet with my approval or assistance.

For these reasons, it is ordered, adjudged, and decreed: (1) That the defendant Elizabeth C. De Witt is entitled to no interest in the premises described in the complaint herein that her claim to a homestead therein constitutes a cloud upon the title of the plaintiff thereto, and she is hereby forever and perpetually enjoined from making, asserting, or attempting to establish any right or claim of homestead therein, thereto, or any part thereof.

*Messrs. Willcox & Hardee,* for appellant, cite: *Deed or mortgage purporting to convey homestead by a married man is void, unless his wife joins in the execution of the con-*

*veyance:* Art. 3, Sec. 28, Const.; Sec. 5494, Code; 16 A. L. R., 1033; 25 S. C., 481; 21 S. C., 371; 26 S. C., 13; 45 S. C., 338; 59 S. C., 367.  *Bankruptcy courts have jurisdiction which is exclusive, to determine the claims of bankrupts to their exemptions:* Rem. on Bkr., Sec. 1274; 127 Fed., 522.  *Purpose of statutory provisions as to recording of returns of homestead appraisers simply to give notice:* 52 S. C., 574.  *Joint consent of husband and wife necessary to convey homestead rights:* 13 R. C. L., 627; 174 Pac., 747.

*Mr. Philip H. Arrowsmith,* for respondents, cites: *Relation of Bankruptcy Court to the exemptions allowed the bankrupt under state law:* 77 S. E., 82; 85 S. E., 875; 5 Fed. (2nd), 326; 1 Coll. on Bkr. (13th Ed.), 284, Sec. 6; 16 A. L. R., 1023; 127 Fed., 522.  *Recording of homestead necessary:* Secs. 5490, 5491, 5494, Code; 20 S. C., 522; 52 S. C., 574; 65 S. C., 308; 70 S. C., 409; 116 S. C., 25; 23 S. C., 374.

June 20, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The reasoning and conclusions of his Honor, Judge Dennis, in the above-stated case, are satisfactory to this Court, and his decree, appealed from, is affirmed.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE BLEASE and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. JUSTICE COTHRAN (concurring):  The case of *Youngblood v. Lathen,* 20 S. C., 370, is conclusive of the question.